IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20230
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN EVERETT WHATLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-333-1
--------------------
December 29, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

We granted Calvin Everett Whatley's motion to represent himself on appeal from his conviction for possession of an unregistered machine gun in violation of 18 U.S.C. § 922(o). Proceeding pro se, Whatley argues that the district court abused its discretion by refusing to allow Whatley's firearms expert to disassemble the weapon's trigger mechanism. Whatley does not dispute the district court's determination that his designated "firearms expert" was not qualified as a gunsmith or armorer. The district court instructed Whatley that, if the argument and

_____

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence indicated that total disassembly of the trigger mechanism was warranted, the court was willing to consider ordering a more qualified expert to perform such an investigation. Whatley, however, never renewed his request to disassemble the trigger mechanism. Under these circumstances, we find no abuse of discretion in the district court's denial of Whatley's discovery request. United States v. Johnston, 127 F.3d 380, 391 (5th Cir. 1997).

Whatley argues that the evidence is insufficient to support his conviction. He contends that he had no way of knowing that the weapon was a machine gun because it was out of his possession for several weeks prior to his arrest and he was arrested before he had an opportunity to inspect the weapon. The evidence shows that Whatley purchased the PWA, Model Commando (AR-15), 5.56 mm, semi-automatic weapon at a gun show approximately eight years before his arrest and that he personally modified it so that it would function as a fully automatic weapon. We find this evidence sufficient to support the conviction. United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc).

Finally, Whatley argues that the district court erred at sentencing by failing to grant his pro se motion for a downward departure based on allegedly unconstitutional conditions of pretrial confinement. Whatley was represented by counsel during the sentencing proceeding. He does not suggest on appeal on that he is dissatisfied with counsel's representation at sentencing or

that he requested the trial court's permission to represent himself at sentencing.

A defendant who is represented by counsel does not have the right to file pro se pleadings. United States v. Mikolajczyk, 137 F.3d 237, 246 (5th Cir.), cert. denied., 525 U.S. 909 (1998); United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978). The district court was not required to consider Whatley's pro se sentencing motion.

AFFIRMED.